UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RBS INVESTMENTS, LLC,

    Plaintiff,

v.

PROACT, INC.,

    Defendant.

Case No. 23-cv-12176

Honorable Robert J. White

**ORDER DENYING DEFENDANT'S MOTION FOR REHEARING**
**(ECF No. 30)**

    Defendant ProAct, Inc. (ProAct) moved for reconsideration of the Court's ruling on ProAct's motion for summary judgment, (ECF No. 28). (ECF No. 30). In its order, the Court granted summary judgment in favor of ProAct on six of Plaintiff RBS Investments LLC, d/b/a Scout Rx Pharmacy Benefit Consultants' (Scout) seven claims. (ECF No. 28). But according to ProAct, the Court erred by allowing Scout's unjust enrichment claim to survive summary judgment. (ECF No. 30, PageID.1363). Scout did not respond to ProAct's motion.

    As explained further below, the Court will deny ProAct's motion. The Court disagrees that it made a mistake in declining to grant summary judgment on Scout's unjust enrichment claim. Instead, the Court stands by its original decision that the

parties' contract did not cover what would happen in the event of termination. (ECF No. 1348–51).  Therefore, the unjust enrichment claim may proceed.

I.    **Legal Standard**

The Local Rules allow a party to move for reconsideration of non-final orders within fourteen days of the order's entry. E.D. Mich. L.R. 7.1(h)(2).  The Rules "disfavor[]" such motions, however, and only allow rehearing in limited circumstances. *Id.*  As relevant here, a party that believes the court "made a mistake" may move for reconsideration, but only if "correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision." E.D. Mich. LR 7.1(h)(2)(A).

When a party moves for reconsideration based on a purported mistake, that mistake "must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision." *Rice v. Walbridge Aldinger, LLC*, No. 22-cv-11790, 2025 WL 2437499, at *4 (E.D. Mich. Aug. 25, 2025) (citation omitted).  The mistake cannot "be the outcome itself." *Id.* (citation omitted). Thus, the party's desire for a different outcome does not warrant reconsideration. *Saginaw Chippewa Indian Tribe of Mich. v. Blue Cross Blue Shield of Mich.*, 685 F. Supp. 3d 525, 527 (E.D. Mich. 2023); *see also United Wholesale Mtg., LLC v. Am.'s Moneyline, Inc.*, No. 22-10228, 2025 WL 502743, at *5 (E.D. Mich. Feb. 14, 2025) ("A motion for reconsideration is not a second bite at the apple . . . nor is it a vehicle

2

for expressing mere disagreement with the Court's decision.") (citation omitted) (cleaned up). And "a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Morrell v. Burton*, No. 2:17-cv-10961, 2020 WL 364570, at *1 (E.D. Mich. Jan. 22, 2020); *see also Fischer v. United States*, 589 F. Supp. 3d 726, 728 (E.D. Mich. 2022).

**II. Analysis**

ProAct claimed that the Court erred when it denied summary judgment on Scout's unjust enrichment claim. (ECF No. 30, PageID.1363). That is, because the Court found that the parties had an enforceable contract governing Scout's involvement in the ProActPLUS Program (the Program), Scout's unjust enrichment claim cannot survive as a matter of law. (*Id.* at PageID.1369–77). ProAct claimed that if the Court changed its decision on the unjust enrichment claim, Scout's complaint would be dismissed. (*Id.* at PageID.1363). To persuade the Court of its position, ProAct presented additional arguments and case law not addressed in its summary judgment brief. (*Id.* at PageID.1369–77).

But contrary to ProAct's argument, the existence of a contract between ProAct and Scout does not necessarily mean that said contract applies to the dispute at issue here. As explained in the Court's summary judgment order, the parties' contract did not contemplate what would happen in the event the business relationship

3

terminated. (ECF No. 28, PageID.1350–51). And Michigan law does not foreclose equitable recovery in such situations, (*id.* at PageID.1350). *See Cascade Elec. Co. v. Rice*, 70 Mich. App. 420, 426 (1976) (holding rule that express contract bars unjust enrichment claim "does not apply . . . where recovery is sought for items not contemplated in the original contract").

      Likewise, the Court finds the case law presented by ProAct in support of its position distinguishable. To start, ProAct cited *Chemico Systems, Inc. v. Spencer*, No. 22-11027, 2023 WL 1993783 (E.D. Mich. Feb. 14, 2023) to show that a valid contract forecloses equitable claims. (ECF No. 30, PageID.1374–75). But unlike here, the decision in *Chemico* analyzed a claim for promissory estoppel, not unjust enrichment. 2023 WL 1993783, at *5–6. Plus, in *Chemico*, the parties' written contract contained a merger clause that limited the contract's terms to the four corners of the agreement and explicitly superseded any other agreements or promises made to the defendant about his employment terms. *Id.* at *1. ProAct and Scout entered no such clause, so the same bar on equitable claims not contemplated by the agreement does not apply. The other cases ProAct cited are distinguishable given that the contracts therein covered the same subject matter as the dispute. *See Harry W. Applegate, Inc. v. Stature Elec., Inc.*, 275 F.3d 486, 489 (6th Cir. 2001) ("[T]he parties clearly contemplated and rejected post termination commissions in their contract, and as a result, Plaintiff is foreclosed from asserting an unjust enrichment

4

claim."); *Insight Teleservices, Inc. v. Zip Mail Servs., Inc.*, No. 14-11395, 2014 WL 7012653, at *8–9 (E.D. Mich. Dec. 11, 2014) (recognizing that the contract, whether express or implied-in-fact, controlled the effect of an untimely payment from one party to another).

The agreement between the parties did not address termination. So it follows that the agreement does not foreclose Sout's unjust enrichment claim. Because a material dispute of fact exists as to whether ProAct was unjustly enriched by terminating the parties' arrangement, the claim may proceed. Considering that the Court's order is not final, both parties still have the opportunity to prove or disprove the unjust enrichment claim.

\* \* \*

For the reasons given, the Court **ORDERS** that the motion for rehearing (ECF No. 30) is **DENIED**.

Dated: October 21, 2025

s/Robert J. White
Robert J. White
United States District Judge